UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PrimeVest Financial Services, Inc.,            Civil No. 05-1312 (PAM/RLE)

           Plaintiff,

v.            **MEMORANDUM AND ORDER**

J. Ryan Ruxer and Linsco/Private
Ledger Corp.,

           Defendants.

---

This matter is before the Court on Plaintiff's request for permission to file a Motion that the Court reconsider its Order of July 6, 2005. In particular, Plaintiff claims that it has obtained additional evidence that render Defendants' previous assertions false and therefore the Dual Employment and Non-competition Agreement ("Agreement") is valid.

The Court denied Plaintiff's motion for injunctive relief because Plaintiff failed to demonstrate that it would likely succeed on its breach of contract claim. Specifically, the Court found that Plaintiff failed to refute Defendant Ruxer's assertion that he began working for Plaintiff before he signed the Agreement. Now, Plaintiff claims that Defendant Ruxer's assertions were erroneous, and that evidence exists that shows that Defendant Ruxer signed the Agreement prior to the commencement of his employment with Plaintiff.

The Court concludes that Plaintiff merely articulates that a genuine issue of material fact remains on whether the Agreement is valid. Non-competition agreements signed before the inception of employment do not require independent consideration to be valid and enforceable, whereas non-competition agreements signed after employment begins are

generally unenforceable unless they are ancillary to employment or otherwise supported by independent consideration. See Nat'l Recruiters v. Cashman, 323 N.W.2d 736, 740 (Minn. 1982); see also Sanborn Mfg. Co. v. Currie, 500 N.W.2d 161, 164 (Minn. Ct. App. 1993).

The evidence clearly indicates a dispute as to whether Defendant Ruxer signed the Agreement before or after his employment began. The evidence demonstrates that the parties dispute the exact date Defendant Ruxer started working for Plaintiff and the date that the Agreement was signed. Furthermore, although Plaintiff contends that Defendant Ruxer knew at his interview that he would have to sign a non-compete agreement, the mere knowledge of the existence of a non-compete agreement, without the opportunity to examine the agreement or to otherwise know the terms of the non-compete agreement before employment begins, does not render the Agreement enforceable. See Davies & Davies Agency, Inc. v. Davies, 298 N.W.2d 127, 133 (Minn. 1980); see also Midwest Sports Mktg. v. Hillerich & Bradsby of Canada, Ltd., 552 N.W.2d 254, 265-66 (Minn. Ct. App. 1996). Moreover, even though Plaintiff asserts that Defendant Ruxer received the Agreement on April 2, 2002, and that his employment did not begin until April 5, 2002, Defendant Ruxer presents contradictory evidence that indicates that he accepted employment before April 2, 2002, but that he did not sign the Agreement until May 2005. Thus, because the evidence indicates that a dispute of fact exists as to the enforceability and validity of the Agreement, the Court finds that Plaintiff has not established the "compelling circumstances" necessary to justify a motion to reconsider under Local Rule 7.1(g). See Cannon Servs., Inc. v. Culhane, No. 04-1597, 2004 WL 950414, at *3 (D. Minn. Apr. 30, 2004) (Montgomery, J.) (denying preliminary injunction because

parties disputed whether plaintiff was aware of non-compete before accepting employment and whether non-compete was supported by adequate consideration); Inter-Tel, Inc. v. CA Communication, Inc., No. 02-1864, 2002 WL 1949747, at *2 (D. Minn. July 31, 2002) (Magnuson, J.) (denying injunctive relief because plaintiff failed to show non-compete was enforceable).

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's request is **DENIED**.

Dated: August 15, 2005

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge